SAVANNAH TIMBER CO. v. DEER ISLAND LUMBER CO. et al.

(District Court, E. D. South Carolina. March 30, 1918.)

1. INJUNCTION &52—TIMBER TRESPASS—INSOLVENCY.
    Insolvent trespassers may be enjoined from cutting and destroying standing timber.

2. MORTGAGES &536—FORECLOSURE—INNOCENT PURCHASER.
    A conveyance of standing timber rights, not executed in the form necessary to pass interest in real estate, never recorded, and by its terms made void upon the incorporation of another company, *held* inferior to rights secured by a purchaser for value at a sale foreclosing a mortgage given by the grantor.

3. LIS PENDENS &24(2)—FORECLOSURE—RIGHTS SECURED.
    Any rights secured from a mortgagor after institution of foreclosure proceedings and filing of lis pendens are subject to the rights secured by a bona fide purchaser at the foreclosure sale.

4. VENDOR AND PURCHASER &231(16)—STANDING TIMBER—CONVEYANCE.
    Standing timber is considered real estate under the South Carolina recording statute (Civ. Code 1912, § 3542), and a conveyance thereof must be recorded to bind subsequent purchasers for value.

5. VENDOR AND PURCHASER &232(1)—RECORDING—NECESSITY.
    Under Civ. Code S. C. 1912, § 3543, notice of real estate sales is given only by actual record, and mere possession of the land is insufficient to charge subsequent purchasers with notice.

6. MORTGAGES &497(2)—FORECLOSURE—ESTOPPEL.
    A grantee of mortgaged premises, who joined with the mortgagor in securing a postponement of the foreclosure sale, *held* estopped to contest the binding effect of the foreclosure upon the ground that it was not formally made a party defendant.

7. MORTGAGES &427(4)—FORECLOSURE—PARTIES.
    One who purchases from a mortgagor, after institution of foreclosure proceedings and filing of lis pendens notice, need not be made a party defendant.

In Equity. Bill by the Savannah Timber Company against the Deer Island Lumber Company and another. Decree for plaintiff.

B. A. Hagood, of Charleston, S. C., J. G. Padgett, of Walterboro, S. C., and Arthur R. Young and Hagood, Rivers & Young, all of Charleston, S. C., for complainant.

A. C. De Pass, William N. Graydon, and De Pass & De Pass, all of Columbia, S. C., for defendants.

SMITH, District Judge. This is a proceeding in substance of an equitable nature, which was instituted in the court of common pleas for Barnwell county, on the 10th day of August, 1917, and was thereafter by the defendants removed to this court on the ground of diverse citizenship. The transcript was filed in this court on the 27th of August, 1917, the defendants have answered, the cause is at issue, and all

the testimony has been taken, and thereupon the cause came on to be heard, and counsel on both sides have been heard. The facts appear to be as follows:

On the 27th of June, 1912, the defendant Van Dorn S. Wilkins executed and delivered his purchase-money mortgage to one Jeremiah T. Finch, which mortgage was on the 3d of July, 1912, recorded in the proper office for record in the county of Colleton. By this mortgage Van Dorn S. Wilkins mortgaged all the timber measuring when cut 10 inches in diameter across the stump and over, standing or growing or lying, during the term within which the same was to be cut upon several tracts of land in Colleton county. The mortgage was to secure the sum of $49,500, evidenced by certain promissory notes, and contained a number of covenants for the protection of the mortgagee, which will be referred to as necessary. The standing timber which was so mortgaged was under the terms of the original sales of the same to be cut and removed within a period of 15 years from the 14th of April and 20th of May, A. D. 1905. Wilkins having failed in the performance of his payments, and the conditions of the mortgage being broken, on the 24th day of May, 1913, proceedings were commenced by Finch in the court of common pleas for Colleton county to foreclose the mortgage and sell the timber mortgaged. The lis pendens or notice of the pendency of the action required in cases of foreclosure by the Code of Procedure of the state of South Carolina (Code Civ. Proc. 1912, § 182) was filed in the office of the clerk of court for Colleton county on the 26th of May, 1913. Before the filing of these proceedings for foreclosure Wilkins executed an assignment of all his interest in the standing timber, dated the 8th of April, 1913, to the Forest Port Lumber Company, to be assigned thereafter to a corporation to be known as the Deer Island Lumber Company, Incorporated, or by some similar name. Such assignment being made for the sole purpose of securing to the Forest Port Lumber Company the issuance to it of preferred stock to the par value of $32,000 in the said corporation, and the delivery to it of a note for $5,000 of the said corporation to be formed, and the assignment further prescribes that upon the delivery of the stock and promissory note to the Forest Port Lumber Company the assignment should become null and void, and be of no force or effect, and in all respects be canceled and surrendered.

This assignment was not executed in the presence of witnesses in the form necessary under the law of South Carolina to pass the title to real estate, nor was it ever placed upon record. Subsequently thereto the corporation known as the Deer Island Lumber Company, Incorporated, was formed under the laws of the state of Delaware, and apparently from the testimony the stock and the note to be delivered to the Forest Port Lumber Company under the terms of the assignment of the 8th of April, 1913, were delivered to the Forest Port Lumber Company, and the assignment of the 8th of April, 1913, thereupon according to its terms became null and void and was canceled. Sundry proceedings of an interlocutory character were had in the proceedings instituted for the foreclosure from the date of its be-

ginning on May 22, 1913, until October 11, 1913. A receiver was appointed, who took actual possession of the property, and an injunction issued against the defendant cutting or removing any of the timber, etc.

On the 11th of October, 1913, the answer of the defendant Van Dorn S. Wilkins was filed, and on the same day by his consent a decree of foreclosure and of sale was made by the presiding judge of the court of common pleas for Colleton county in these foreclosure proceedings. In the meantime on the 8th of September, 1913, Van Dorn S. Wilkins had executed a deed of conveyance in proper form to carry the title to real estate and for record, to the Deer Island Lumber Company, Incorporated. This deed of conveyance, although dated the 8th day of September, 1913, was not recorded in the proper office for record in the county of Colleton until the 24th day of November, 1913, nearly three months subsequent to its date. In the meanwhile there had been sundry negotiations between Van Dorn S. Wilkins, the mortgagor, and Jeremiah T. Finch, the mortgagee, then engaged in foreclosing the mortgage, which culminated on the 11th day of October, 1913, in an agreement between Jeremiah T. Finch and Van Dorn S. Wilkins, whereby it was recited that Van Dorn S. Wilkins had therein consented to a decree of foreclosure and sale, whereby there was due under the terms of the mortgage the sum of $53,879.08, and that Jeremiah T. Finch was willing, under certain conditions specified in the agreement and not otherwise, to give the defendant Van Dorn S. Wilkins a further opportunity to endeavor to pay off the amount due under the mortgage. Therein Jeremiah T. Finch agreed to postpone the enforcement of the decree of foreclosure and to suspend the further operation of the permanent injunction and receivership granted in the cause provided Van Dorn S. Wilkins made the payments specified in the agreement, with the distinct proviso that, if the payments should not be paid when due, Jeremiah T. Finch without any further notice should be at liberty to have the permanent injunction restored and the receiver resume possession of the property, and to have the property sold as decreed in the decree of foreclosure. In other words, it was distinctly provided that, if Van Dorn S. Wilkins failed to make the payments, Finch might proceed in all respects as if no such agreement had been made. The evidence does not satisfy the court that Finch was ever made aware of the assignment from Wilkins to the Forest Port Lumber Company, dated the 8th of April, 1913, which in any event was only an assignment for the purpose of security, and became thereafter null as before stated; but it does appear that Finch was aware that Wilkins intended to assign or had assigned his interest in the property subsequent to the commencement of the foreclosure proceedings to the corporation known as the Deer Island Lumber Company, Incorporated, which was to take the property from Wilkins and endeavor to pay off the debt. It also appears that the agreement on the 11th of October, 1913, was made by Van Dorn S. Wilkins with Finch as much for the benefit of the Deer Island Lumber Company, Incorporated, as for the benefit of Wilkins.

The court is further satisfied that the Deer Island Company, Incor-

porated, through its officers, was fully aware of all the conferences between Finch and Wilkins, was fully aware of the pendency of the foreclosure proceedings, was fully aware that it received this assignment of the property from Wilkins subject to the pendency of these proceedings, and was fully aware of the contents of and assisted at the making of the agreement of the 11th of October, 1913, as made for its benefit, and participated in and accepted the same. The payments specified and required by the agreement of October 11, 1913, not having been made, upon the application of Finch, the receiver, about the 7th day of November, 1913, again took actual possession of all the property described in the proceedings, and took possession with the full knowledge of Van Dorn S. Wilkins, and thereafter, upon the application of Finch, the master proceeded to advertise the property mortgaged, to wit, the standing timber, for sale, and on the 7th day of December, 1913, sold the property at public auction to the complainant, Jeremiah T. Finch, for $20,000, which amount was credited upon the judgment due under the decree of foreclosure, and execution issued for the deficiency against Van Dorn S. Wilkins, upon which execution certain personal property was thereafter sold. In the meanwhile, and two days before this sale, a petition in involuntary bankruptcy was filed in this court against the Deer Island Lumber Company, Incorporated, and on the 15th day of January, 1916, an order was made adjudicating that corporation bankrupt as insolvent. The schedules of the bankrupt were not filed until the 6th of November, 1916, nearly two years after the filing of the petition in bankruptcy, and nearly nine months after the adjudication in bankruptcy, and on the 11th day of November, 1916, an offer of composition of 10 per cent. was made on behalf of the Deer Island Lumber Company, Incorporated, which offer of compromise was thereafter accepted by order of the court in the bankruptcy case, and was paid. The deed of conveyance from the master to Jeremiah T. Finch of the standing timber sold under the foreclosure was made on the 7th of December, 1914, and recorded on the 11th of December, 1914. Thereafter Jeremiah T. Finch, in consideration of the sum of $40,000 paid by the Cooper River Corporation, on the 26th day of June, 1915, conveyed all of the standing timber sold to him under the foreclosure proceedings to the Cooper River Corporation, and the Cooper River Corporation for valuable consideration conveyed on the 7th day of June, 1916, to the Savannah Timber Company, the present plaintiff, the same property; the deed of conveyance being recorded on the 14th day of July, 1916. It will be noted, therefore, that the deeds of conveyance from the master to Finch and from Finch to the Cooper River Corporation were both made subsequent to the filing of the petition in bankruptcy against the Deer Island Lumber Company, Incorporated, and that the conveyance from the Cooper River Corporation to the Savannah Timber Company was made after the Deer Island Lumber Company had been adjudicated a bankrupt for insolvency, and before any offer of composition had been made or accepted.

[1] Van Dorn S. Wilkins, formerly the defendant in the foreclosure proceedings, and a large stockholder in and officer of the Deer

Island Lumber Company, Incorporated, during the proceedings hereinbefore referred to, is now the president of that company, and under the terms of the composition claims as such officer to be entitled to carry on the operations of the Deer Island Lumber Company, Incorporated. As such he has entered upon the lands upon which the standing timber is growing, and is proceeding to cut and destroy the same, and to interfere with the workmen of the Savannah Timber Company, and interrupt their operations. Thereupon these proceedings of an equitable nature were filed by the Savannah Timber Company in the court of common pleas for the purpose of obtaining a decree against Wilkins and the Deer Island Lumber Company, Incorporated, for damages done by this cutting, and to enjoin Wilkins and the Deer Island Lumber Company, Incorporated, from any further interference with the timber. The evidence shows that Wilkins is practically insolvent, or at least beyond the reach of an execution at law, and could not be made to pay for damages inflicted in cutting this timber; nor does it appear that the Deer Island Lumber Company, Incorporated, which is a foreign, nonresident corporation, could be made to pay either. Under these circumstances, if the title and right to possession of the property is in the complainant, the Savannah Timber Company, they would have the right to the injunction prayed.

The defendants set up the defense that the Deer Island Lumber Company, Incorporated, was not made a party to the proceedings for foreclosure, and therefore is not bound by them, and that corporation, holding the legal title under the conveyance from Van Dorn S. Wilkins and not being bound by the proceedings for foreclosure, is entitled to the possession and utilization of the property. Their position may be said to be that the effect of the proceedings in foreclosure to which the Deer Island Lumber Company, Incorporated, was not made a party was not to divest the legal title of the property, because that had already passed away from Van Dorn S. Wilkins, the only defendant, but operated simply as an equitable assignment of the mortgage held by Jeremiah T. Finch from Van Dorn S. Wilkins, and whilst that mortgage might continue to be a lien upon the property, the Deer Island Lumber Company, Incorporated, held the legal title and was entitled to the possession and utilization of the property. The position of the complainant, the Savannah Timber Company, is that it is either a bona fide purchaser for value without notice, or is the assignee or grantee of a bona fide purchaser for value without notice, and under the recording laws of the state of South Carolina and under the effect of these laws is entitled to hold the property as having the title and the right to possession against the defendants. The condition of the record, therefore, becomes all-important to ascertain, for it is the record which should control in such matters as embodying the notice which would bind a third person for value without notice.

[2-5] Assuming it to be correct, that the effect of the decree in foreclosure of a mortgage in proceedings to which the mortgagor is alone a party, and instituted after he has passed the title to a third person, is effectual only as an assignment of the mortgage, yet this would not be true where the notice given by the record, upon which a

subsequent purchaser is entitled to rely, does not disclose that the title has passed away from the original purchaser. In the present case it is claimed by the defendants that the assignment made by Van Dorn S. Wilkins to the Forest Port Lumber Company on the 8th of April, 1913, had the effect of divesting Wilkins of the title before the institution of the proceedings for foreclosure. This position is not well taken. In the first place, this assignment was not executed in the form necessary to pass the interest in real estate under the laws of South Carolina or entitle the deed to be admitted to record, and as a matter of fact was never recorded, and there is no evidence that Finch had any notice of the existence of this assignment. Furthermore, this assignment by its very terms became null and void upon the subsequent incorporation of the Deer Island Lumber Company, Incorporated, and the delivery of the stock and note whose delivery was sought to be secured to the Forest Port Lumber Company, Incorporated. At the date of the commencement of the foreclosure proceedings there was nothing on the record to notify any subsequent purchaser that Van Dorn S. Wilkins had ever parted with the title to the real estate, and the filing of the lis pendens as required by the Code of Procedure on May 26, 1913, made any after deed between any subsequent purchasers and Van Dorn S. Wilkins subject in all respects to the pendency of and the ultimate decree in those foreclosure proceedings.

It is contended by the defendants that this timber, when originally sold, became thereupon personal property, and any subsequent purchaser from Wilkins could acquire good title, whether or not the deed of assignment was recorded, because bills of sale of personal property of that kind are not required to be recorded. In the opinion of the court, under the law of South Carolina, standing timber is so far annexed to the freehold that it is considered as real estate under the terms of the recording statutes, and in order to bind subsequent purchasers the deed of conveyance must be duly recorded as required of deeds of conveyance of real estate. Otherwise, the purchaser of a piece of land without any notice from the record would be held to be bound by a prior unrecorded sale of the standing timber of which he had no notice, and which, if good, would render his purchase of the soil futile. It is to be borne in mind, too, that under the law of the state of South Carolina notice of sale of an interest in real estate can only be given by actual record, and that notice by mere possession of the land is not sufficient to charge subsequent purchasers, unless actual notice can be proved of the deed or instrument or its nature or purport (Code of Laws [Civ. Code 1912] § 3543), and no sufficient actual notice of any kind is proved in this case to Jeremiah T. Finch or any subsequent grantee of the assignment from Wilkins to the Forest Port Lumber Company dated April 8, 1913.

[6, 7] The next substantial proceeding in the foreclosure cause was the agreement of the 11th of October, 1913, and the decree of foreclosure made that day. The court finds as a conclusion of fact that this agreement and decree were made with the full knowledge, acquiescence, and acceptance of the Deer Island Lumber Company, Incor-

porated, and made for its benefit, and was procured to be made for its benefit, to give it further time to work out the payment of the mortgage, and that as against any subsequent purchasers for value it is debarred and estopped in equity from claiming in contravention of that which was done and procured to be done by it for its own benefit. That the Deer Island Lumber Company did, subsequent to the agreement of the 11th of October, 1913, appear to get into possession of the property, spend amounts of money thereon, and remove the timber in the endeavor to make the payments required by that agreement, is true. But that possession was entirely subsequent to, based upon, and in consequence of the agreement of the 11th of October, 1913, and of the decree of sale for foreclosure that day, and the Deer Island Lumber Company, Incorporated, and Wilkins are estopped from setting up any claim in contravention of or adverse opposition to that decree and agreement. When, therefore, the Cooper River Corporation for valuable consideration purchased the timber from Jeremiah T. Finch, an inspection of the record showed the mortgage from Wilkins to Finch. It also showed that no conveyance from Wilkins to any third party appeared upon the record prior to the filing of the proceeding for foreclosure, and especially of the notice of the pendency of the action on the 26th day of May, 1913. Any third purchaser for value without actual notice was entitled to disregard any conveyances on the record made by Van Dorn S. Wilkins subsequent to the 26th day of May, 1913, because by law any such conveyance must be taken subject to the right of foreclosure and sale acquired by the court upon the filing of those proceedings. The law is that in foreclosure proceedings no subsequent purchaser from the mortgagor, subsequent in date and record to the institution of the foreclosure proceedings and filing of the notice of pendency of action, need be made a party. Otherwise it would require constant amendment, or rather constant additions by proceedings of the character of supplemental bills to advise the court of changes of interest subsequent to the institution of the original proceedings for foreclosure.

According to the record, the only party necessary to be made a party on May 22, 1913, for the purpose of the foreclosure and the sale, so as to divest the title from the mortgagor, was Van Dorn S. Wilkins, and the proceedings show that he was made a party, and the subsequent sale on 7th of December, 1914, had the effect under the circumstances of this case, as concerned any subsequent purchaser for value without notice, of divesting the title of Van Dorn S. Wilkins as of the date of the filing of the notice of pendency of the foreclosure proceedings, and vesting in the purchaser as against Wilkins or any one claiming under him the legal title to the premises. Had the Deer Island Lumber Company, Incorporated, possessed any claim, it was competent for it to have prevented this inference by a subsequent purchaser by intervening in the foreclosure proceedings, of which it had full knowledge, and of the suspension of which it took advantage, as procured for its benefit, or of subsequently bringing a proceeding to redeem as against Finch before he sold, and reacquiring the legal title to the property by payment of the amount unpaid; but it did nothing

of this kind. When the Cooper River Corporation acquired the property, there were proceedings existing against the Deer Island Lumber Company, Incorporated, in bankruptcy, and at the date of the subsequent decree adjudicating that corporation bankrupt, and which related back to the day of the filing of the proceedings to have it adjudicated bankrupt, the Deer Island Lumber Company, Incorporated, so far as the record shows, not only made no claim whatsoever to the legal title to this property, as being prior and paramount to the title under the foreclosure proceedings, but in fact was a bankrupt for insolvency.

There has been no sufficient proof of any actual knowledge of the deed of conveyance from Wilkins to the Deer Island Lumber Company, Incorporated, given to the Cooper River Corporation or the Savannah Timber Company. There has been no possession shown by the Deer Island Lumber Company, Incorporated, of the property at the time of the acquisition of it by the Cooper River Corporation, or the Savannah Timber Company, and, even if actual possession of the property had been shown, that would not be sufficient under the terms of the statute of South Carolina, unless actual notice of the deed from Wilkins to the Deer Island Lumber Company, Incorporated, or its nature and purport, could be shown, and not the mere constructive notice from the record of that deed posterior to the institution of the proceedings of foreclosure and of the decree of foreclosure and sale; such posterior record not being notice to a purchaser under the foreclosure proceedings. In the opinion of the court, therefore, the complainant, the Savannah Timber Company, has as against the defendants a good title in fee to the property described in the complaint, and has a right to hold possession of and utilize the same, and it is therefore entitled to have the defendants enjoined from trespassing upon and continually damaging the property, to the destruction thereof.

It is therefore ordered, adjudged, and decreed, that, as against the defendants Van Dorn S. Wilkins and the Deer Island Lumber Company, Incorporated, the complainant, the Savanah Timber Company, and its assigns and successors, are entitled to the standing timber described in the complaint, with the exclusive right to cut, remove, and sell the same.

It is further ordered, adjudged, and decreed that the injunction heretofore granted in these proceedings by Hon. James E. Peurifoy, in the state court, be and the same is hereby continued and made permanent, and the defendants Van Dorn S. Wilkins and the Deer Island Lumber Company, Incorporated, be, and they and their agents, servants, and employés are, hereby enjoined from trespassing upon, cutting, damaging, injuring, or in any wise taking or removing any of the standing timber referred to and described in the complaint herein, and from interfering with, threatening, or removing any of the workmen of the complainant, the Savannah Timber Company, its assigns or successors.

It is further ordered that the costs of these proceedings be paid by the defendants.